UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JASON PAUL CHESTER, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>)<br>UNITED STATES DEPARTMENT )<br>OF JUSTICE, )<br>)<br>Defendant, ) | Civil Action No. 1:24-cv-03321 (UNA) |

### Memorandum Opinion

Plaintiff has filed a *pro se* complaint and an application for leave to proceed *in forma pauperis* ("IFP"). ECF Nos. 1, 2. The Court grants Plaintiff's IFP application and , for the reasons below, dismisses this matter without prejudice.

Plaintiff, a resident of Puyallup, Washington, sues the U.S. Department of Justice. *See* ECF No. 1 at 1, 5. Plaintiff alleges that the U.S. Attorney's Offices, particularly the one located in the Western District of Washington, have been negligent, interfered with his rights, and have "perpetrated" crimes against him, causing him undue stress that has included a hospitalization and rehabilitation. *See id*. at 1–3. He contends that several U.S. Attorneys have engaged in myriad wrongdoing in various cases filed in the Western District of Washington, including intentional disclosure of information and records, operating from a position of bias, improper revocation of his passport, and failure to prosecute a "[t]errorist attack on [the] Islamic center of Tacoma." *See id*. at 1–4. He argues that these alleged actions are crimes under 18 U.S.C. §§ 242, 1001, and complains that Defendant has failed to investigate or prosecute his criminal complaints. *See id*. at 2–4. He demands $25 million in damages. *See id.* at 5.

Plaintiff's complaint does not comply with the applicable Rules of Civil Procedure. *See Jarrell v. Tisch*, 656 F. Supp. 237, 239–40 (D.D.C. 1987). Federal Rule 8(a) requires complaints to contain "(1) a short and plain statement of the grounds for the court's jurisdiction [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009); *Ciralsky v. CIA*, 355 F.3d 661, 668–71 (D.C. Cir. 2004). The Rule 8(a) standard ensures that defendants receive fair notice of the claims asserted so that they can prepare a responsive answer and an adequate defense and determine whether the doctrine of *res judicata* applies. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977). Additionally, "each allegation [in a pleading] must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1).

Here, Plaintiff's complaint does not satisfy these requirements. The complaint is difficult to decipher and contains conclusory, seemingly unconnected statements with little to no supporting context. *See* ECF No. 1 at 1–4. *See Cheeks v. Fort Myer Constr. Corp.*, 71 F. Supp. 3d 163, 169 (D.D.C. 2014) ("A confused and rambling narrative of charges and conclusions . . . does not comply with the requirements of Rule 8.") (citation and internal quotation marks omitted). A complaint must be dismissed where it falls short of Rule 8 because it is "confusing, ambiguous, redundant, vague and, in some respects, unintelligible." *See Brown*, 75 F.R.D. at 499 (collecting cases) (citation omitted).

In addition, Plaintiff's complaint does not identify an applicable civil cause of action. Federal Rule 12(b)(6) authorizes dismissal of claims that have no legal basis, "without regard to whether [the claims are] based on an outlandish legal theory or on a close but ultimately unavailing one." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *see also Baker v. Dir., U.S. Parole Comm'n*, 916 F.2d 725, 727 (D.C. Cir. 1990) (per curiam) (authorizing *sua sponte* dismissal for failure to

state a claim); 28 U.S.C. § 1915(e)(2)(B)(ii) (same for IFP cases). Here, Plaintiff cites 18 U.S.C. §§ 242, 1001, but those are criminal statutes and do not afford a private right of action. *See Prunte v. Universal Music Group*, 484 F. Supp. 2d 32, 42 (D.D.C. 2007) ("[The] Supreme Court has refused to imply a private right of action in a bare criminal statute.") (citation and internal quotation marks omitted); *see also Rockefeller v. U.S. Court of Appeals for the Tenth Circuit*, 248 F. Supp. 2d 17, 23–24 (D.D.C. 2003) (no private right of action under § 242); *Lee v. U.S. Agency for Int'l Devel.*, C.A.D.C.2017, 859 F.3d 74, 77–78 (D.C. Cir. 2017) (per curiam) (no private right of action under § 1001); *Abou-Hussein v. Gates*, 657 F. Supp. 2d 77, 81 (D.D.C. 2009) (same), *aff'd*, 2010 WL 2574084 (D.C. Cir. June 11, 2021) (per curiam), *cert. denied*, 562 U.S. 1201. Insofar as Plaintiff seeks to compel a criminal investigation by federal law enforcement, "an agency's decision not to prosecute or enforce, whether through civil or criminal process, is a decision generally committed to an agency's absolute discretion." *Heckler v. Chaney*, 470 U.S. 821, 831 (1985).

      This case is accordingly dismissed without prejudice. A separate order accompanies this memorandum opinion.

Date:  February 11, 2025                    /s/_____
                                            AMIR H. ALI
                                            *United States District Judge*